THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CHARLES C. WALDO, ET AL., | ) | Case No. 2:06CV00897 DS |
| Plaintiff, | ) | |
| vs. | ) | O R D E R |
| JP MORGAN CHASE BANK, N.A., ET AL., | ) | |
| Defendants. | ) | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

Pending before the Court are Plaintiffs' Motion to Dismiss (Docket # 7), which the Court construes as a Motion to Remand, and Plaintiffs' Motion to Remand (Docket # 13).[1] In support of their Motions Plaintiffs state that "[t]here is no Federal question or Constitutional question involved." Mot. Dis., p. 1.

A defendant may remove any civil action brought in a state court if a federal court has original jurisdiction over the claim. 28 U.S.C. § 1441(a). The court is required to remand "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." *Id.* § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. *Basso v. Utah Power &*

---

[1] Also pending before the Court is Defendants' Motion to Dismiss wherein it is urged that Plaintiffs lack standing and are judicially estopped from asserting their claims, and that the Complaint fails to state a claim upon which relief can be granted.

*Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party invoking the court's removal jurisdiction has the burden to establish the court's jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). The court must resolve any doubts in favor of remand. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). In *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995), the Tenth Circuit gave the following instruction as to pleading the jurisdictional amount in a removal context.

> The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal. *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970). The burden is on the party requesting removal to set forth, in the notice of removal itself, the underlying facts supporting [the] assertion that the amount in controversy exceeds [$75,000]." *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992). Moreover, there is a presumption against removal jurisdiction.

A federal court has original jurisdiction over diversity actions where the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). The Complaint, on its face, seeks damages in the amount of $60,445.51, return of a "mortgage trust deed", and for other unspecified relief. However, Plaintiffs also admit in the Complaint that they are indebted to Defendants in the amount of $95.740.37. In praying for return of the mortgage trust deed, it is not clear to the Court, as Defendants contend, that Plaintiffs in addition to damages of $60,445.51, also seek damages

2

equal to the amount of indebtedness presumably secured by the deed of trust. It seems to the Court the likely intent of Plaintiffs, who are proceeding *pro se*, simply is to have returned to their possession the document they allege has been altered. In any event, the Court concludes that the Complaint is not dispositive of the jurisdictional amount.

Because the face of the Complaint is not dispositive, the Court turns to Defendants Notice of Removal. The Court, likewise, is not persuaded of its jurisdiction based on Defendants' assertion as to the jurisdictional amount. Defendants characterize the Complaint and damages as follows:

> Plaintiffs allege, among other things, that defendant modified the terms of the original contract and collected money from them including forced hazard insurance, forbearances, and past due payments which was [sic] not owing, and concealed this modification. Plaintiffs seek to recover various fees and payments they claim were improper, and that they were injured because of defendants' failure to disclose the charges. For these alleged wrongdoings, plaintiffs' Complaint prays for damages of $60, 445.51. Plaintiffs' Complaint prays for further damages including return of the mortgage deed of trust, and other unlimited relief as the Court deems just and proper. The principal balance of the loan is approximately $97,740.00 (see Complaint ¶3). For these alleged wrongs, plaintiffs seek an unlimited amount of compensatory damages. Based on the foregoing, the amount in controversy in this action likely exceeds $75,000.00.

Notice of Removal, p.4. Defendants' conclusion as to the amount of damages is mere speculation, not supported by the face of the Complaint or any assertion of additional facts.

Because Defendants have failed to establish the requisite jurisdictional amount for purposes of diversity jurisdiction, this court lacks subject matter jurisdiction. Lacking jurisdiction, the court has no choice but to remand this action to Utah's Third Judicial District Court. The Court does not reach Defendants' Motion to Dismiss.

**IT IS SO ORDERED.**

DATED this _1st_ day of _February_, 2007.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT